# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IN RE: HAROLD HARVEY, *an individual, as owner of a certain 1997 Gibson 50' Cabin Yacht, HIN GBN50644L697, for exoneration from or limitation of liability*,<br><br>Plaintiff-in-Limitation, | Case No. 2:25-cv-00114-RFB-BNW<br><br>**ORDER** |

Before the Court is Plaintiff-in-Limitation Harold Harvey's Stipulation for Value (ECF No. 3) and *Ad Interim* Stipulation (ECF No. 4). For the following reasons, the Court grants the Stipulation for Value in part and denies the *Ad Interim* Stipulation as premature.

### I.   FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

The following allegations are taken from the Complaint. Plaintiff Harold Harvey is the owner and operator of a 1997 Gibson 50' Cabin Yacht (the "Vessel") bearing the hall identification number HIN GBN50644L697. On June 9, 2024, the Vessel was docked at the Las Vegas Boat Harbor at Lake Mead, Nevada. That day the Vessel caught fire causing damage to multiple other boats, personal watercraft, and the dock facilities. The remains of the Vessel are now located at 490 Horsepower CV, Boulder City, Nevada 89005.

On January 17, 2025, Mr. Harvey filed a Complaint for Limitation of Liability, pursuant to the Ship Owner's Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.* (the "Limitation Act") and the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims ("Rule F"). ECF No. 1. Attached to the Complaint were *inter alia* a Declaration of Value by a maritime surveyor setting the value of the Vessel at $0.00, a Stipulation for Value, and an *Ad Interim* Stipulation. ECF Nos. 1-1, 1-2, 1-3. On January 31, 2025, Mr. Harvey refiled the Stipulation for Value and *Ad Interim* Stipulation. ECF Nos. 3, 4. The Court's Order on the pending Stipulations follows.

## II. LEGAL STANDARD

Federal courts have exclusive jurisdiction over admiralty and maritime claims. See 28 U.S.C. § 1333(1); Newton v. Shipman, 718 F.2d 959, 961 (9th Cir. 1983). Congress has authorized a vessel owner to seek to "limit liability for damage or injury, occasioned without the owner's privity or knowledge, to the value of the vessel or the owner's interest in the vessel." Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 446 (2001) (citing the Limitation Act).

The Limitation Act serves to protect maritime commerce, encourage investment in "the American merchant fleet," and "protect vessel owners from unlimited exposure to liability." Id. at 453; Maryland Cas. Co. v. Cushing, 347 U.S. 409 (1954). "A limitation of liability action is a proceeding in admiralty for vessel owners that permits them to limit their liability to their interest in the vessel and its freight, provided that the loss was incurred without their privity or knowledge." In re Complaint of Ross Island Sand & Gravel, 226 F.3d 1015, 1016-18 (9th Cir. 2000) (citing 46 U.S.C. § 183). The Limitation Act is designed to create a single forum for determining (1) whether the vessel and its owner are liable at all; (2) whether the owner may in fact limit liability to the value of the vessel and pending freight; (3) the amount of just claims; and (4) how the fund should be distributed to the claimants. Thomas J. Schoenbaum, 2 Admiralty and Maritime Law § 15:6 (6th ed. 2023).

The Limitation Act and Rule F govern the proper procedure for this claim. Id. Any Limitation Act complaint must be filed within six months of the owner receiving written notice of a claim. 46 U.S.C. § 30511; Fed. R. Civ. P., Supp. R. F(1). The owner must also deposit with the court, for the benefit of claimants, security in the amount to the vessel and including six percent yearly interest. Fed. R. Civ. P., Supp. R. F(1), F(7). Should an owner comply with both requirements, a court must issue an injunction requiring all claims against the owner related to the matter in question cease. Fed. R. Civ. P., Supp. R. F(3). The court will then order a notice period during which all claimants must file their claim or face potential default. Fed. R. Civ. P., Supp. R. F(4).

//.

### III. DISCUSSION

The Court next reviews in turn the requirements for a limitation action.

#### A. Sufficiency of the Complaint

First, the Court evaluates the sufficiency of the Complaint itself. A plaintiff-in-limitation must plead sufficient facts to support limitation of its liability under the Limitation Act. Fed. R. Civ. P., Supp. R. F(2); see also Frank L. Wiswall & John C. Koster, 3 Benedict on Admiralty § 74 ("The statement should be full and complete" though it "need not necessarily be elaborate."). Under Rule F, a complaint must state: (1) the facts on the basis of which the right to limit liability is asserted and all facts necessary to enable the court to determine the amount to which the owner's liability shall be limited; (2) the voyage if any, on which the demands sought to be limited arose, with the date and place of its termination; (3) the amount of all demands including all unsatisfied liens or claims of lien, in contract or in tort or otherwise, arising on that voyage, so far as known to the plaintiff; (4) what actions and proceedings, if any, are pending thereon; (5) whether the vessel was damaged, lost, or abandoned, and, if so, when and where; (6) the value of the vessel at the close of the voyage or, in case of wreck, the value of her wreckage, strippings, or proceeds, if any, and where and in whose possession they are; and (7) the amount of any pending freight recovered or recoverable. Fed. R. Civ. P. Supp. R. F(2). The plaintiff-in-limitation must file the complaint "in any district in which the vessel has been attached or arrested to answer for any claim with respect to which the plaintiff seeks to limit liability," or where "the vessel has not been attached or arrested, then in any district in which the owner has been sued with respect to any such claim." Fed. R. Civ. P., Supp. R. F(9). Upon review of the Complaint, the Court finds Plaintiff has pleaded sufficient factual matter to satisfy the minimal requirements under Rule F.

#### B. Security and Stipulation of Value

Second, the Court addresses the security offered. Once an owner brings this type of action, the owner must provide security for the benefit of the claims either in an amount "equal to the value of the owner's interest in the vessel and pending freight, or approved security" or "that the court may fix from time to time as necessary to carry out this chapter." 46 U.S.C. § 30511(b); Fed. R. Civ. P., Supp. R. F(1). This security may be provided by either depositing the amount with the

court or transferring the amount to a trustee appointed by the Court. 46 U.S.C. § 30511(b); Fed. R. Civ. P., Supp. R. F(1); see also Hartford Acc. & Indem. Co. of Hartford v. S. Pac. Co., 273 U.S. 207, 218-19 (1927) ("Whenever a stipulation is taken in an admiralty suit, for the property subjected to legal process and condemnation, the stipulation is deemed a mere substitute for the thing itself, and the stipulators liable to the exercise of all those authorities on the part of the court, which it could properly exercise, if the thing itself were still in its custody.") (quoting The Palmyra, 25 U.S. 1, 10 (1827)).

Plaintiff has submitted a Declaration of Value completed by Kells Christian, an Accredited Marine Surveyor. The Declaration states that the estimated fair market value for the vessel is $0.00. Mr. Harvey has filed a Rule F Bond, undertaken by American Family Insurance, for $1,000.00. The bond provides for interest at 6% per year from the date of the application. The Court finds this bond is sufficient and will require it to be deposited with the Court.

### C. Venue

The Limitation Act provides that the proper venue for a limitation is "any district in which the vessel has been attached or arrested to answer for any claim with respect to which the plaintiff seeks to limit liability; or, if the vessel has not been attached or arrested, then in any district in which the owner has been sued with respect to any such claim." Rule F(9). If the vessel has not been attached or arrested, and the owner has not been sued, "the proceedings may be had in the district in which the vessel may be." Id. If the vessel is not in any district and none of the other conditions apply, then the complaint "may be filed in any district." Id.

The Complaint asserts that neither Plaintiff, *in personam*, nor the vessel, *in rem*, have been named as a defendant with respect to any claims arising from the incident. The vessel is currently based at the fish hatchery at Lake Mead in Nevada. As the vessel has not been attached or arrested, the owner has not been sued, and the vessel is located in Nevada, the Court finds that venue is proper.

### D. Motion and Injunction

After the vessel owner provides the required security, the Court issues "a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them

to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice." Fed. R. Civ. P. Supp. R. F(4). This notice will set a claim filing deadline at least 90 days after the Court issues the notice and will "be published in such newspaper or newspapers as the court may direct once a week for sixteen successive weeks prior to the date fixed for the filing of claims." Id.

### IV.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Stipulation for Value (ECF No. 3) is **GRANTED in part** and *Ad Interim* Stipulation (ECF No. 4) is **DENIED** as moot.

**IT IS FURTHER ORDERED**, pursuant to Rule F(3) of the Supplemental Rules for Certain Admiralty and Maritime Claims, except as filed in this proceeding, the commencement or prosecution of any and all suits, actions, or legal proceedings of any nature and description, presently ongoing or to be filed in the future, against Plaintiff-in-Limitation, the Vessel, and/or the Vessel's operator Harold Harvey as a result of the collision described in the Complaint is enjoined and said proceedings are to be **STAYED AND RESTRAINED** until the hearing and determination of this proceeding.

**IT IS FURTHER ORDERD**, pursuant to Rule F(4) of the Supplemental Rules for Certain Admiralty and Maritime Claims, an admonition shall issue out of and under seal of this Court. All persons and entities asserting any claim against Plaintiff-in-Limitation or the Vessel for any loss, damage, or injury arising out of, resulting from, or in any manner connected with the matters set forth in the Complaint are admonished to appear and file their respective claims and answer the allegations of the Complaint with the Clerk of this Court at the United States Courthouse located at 333 Las Vegas Blvd. South Las Vegas, NV 89101 in writing, and to serve a copy thereof on the attorneys for the Plaintiff-in-Limitation, on or before **November 10, 2025,** or be deemed in contumacy and default, and that when all proceedings have been completed, if it shall appear that the Plaintiff-in-Limitation are not liable for any such loss or damage, it may be finally so decreed by this Court;

**IT IS FURTHER ORDERED** that the Plaintiff-in-Limitation shall publish a notice once

a week for sixteen (16) successive weeks prior to the date affixed for the filing of claims, in The Las Vegas Review-Journal, a newspaper of general circulation printed and published in Clark County, Nevada, substantially in the form set forth below:

> Notice to Interested Parties: Plaintiff-in-Limitation Harold Harvey ("Plaintiff-in-Limitation"), as owner of a 1997 Gibson 50' Cabin Yacht bearing hull identification number GBN50644L697 and state-issued number NV 6325 KV, and her engines, tackle, appurtenances, etc. (the "Vessel"), filed a Complaint pursuant to the Limitation of Liability Act, 46 U.S.C., section 30501, *et seq.*, claiming the right to exoneration from and/or limitation of liability for all claims against it for injury or other damage resulting from a fire involving the Vessel, on or about June 9, 2024, on Lake Mead.
>
> Any person or legal entity who has or may have such a claim must, on or before **November 10, 2025**, file the claim with the Clerk of the U.S. District Court, District of Nevada, under the title of "In re: Harold Harvey" and Case Number 2:25-cv-00114-RFB-BNW. Any such claim must comply with the requirements of Rule F of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure. A copy must also be served on or mailed to counsel of Plaintiffs-in-Limitation, John R. Hawley, Esq., at Winner & Booze, at 1117 South Rancho Drive, Las Vegas, Nevada 89102.
>
> Any claimant who desires to contest Plaintiff-in-Limitation's right to exoneration from and/or limitation of liability shall file and serve an answer to the Complaint in the above-referenced matter on or before **November 10, 2025,** unless such answer is included in the claim. This notice is published pursuant to the order of said Court, Honorable Richard F. Boulware, dated September 30, 2024, and Rule F(4) of the Supplemental Rules for Admiralty or Maritime Claims.

**IT IS FURTHER ORDERED** that Plaintiff-in-Limitation, pursuant to Rule F(4) of the Supplemental Rules for Certain Admiralty and Maritime Claims, shall no later than the date of the second publication mail a copy of the Complaint and this Order to every person and entity known to have asserted a claim against Plaintiff-in-Limitation or the Vessel, arising out of, resulting from, or in any manner connected with the Complaint in this action and in those cases where the person or entity making the claim is known to have an attorney, the Complaint shall be mailed to such attorney.

**IT IS FURTHER ORDERED** that Plaintiff-in-Limitation will file with this Court a Notice of Compliance certifying the postage of the above notices within seven (7) days of the date

of postage.

**IT IS FURTHER ORDERED** that Plaintiff-in-Limitation will file a bond totaling one thousand United States dollars with the Clerk of Court for the District of Nevada.

**IT IS FURTHER ORDERED** that, should the sum of the aggregate claims before the Court not exceed the value of the vessel, the putative claimants may seek leave of Court to dissolve this injunction.

**DATED:** July 14, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**